WO MDR

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Carlos B. Romero,<br>Petitioner,<br>v.<br>David Shinn, et al.,<br>Respondents. | No. CV 21-01039-PHX-MTL (JZB)<br><br>**ORDER** |

On June 14, 2021, Petitioner Carlos B. Romero, who is confined in the Arizona State Prison Complex-Florence in Florence, Arizona, filed a pro se "Application to Bookmark My § 2254 Writ of Habeas Corpus Claims and Request for Equitable Tolling" (Doc. 1). The Court will deny the Application and will dismiss this action without prejudice.

In his Application, Petitioner asks the Court to "bookmark" his habeas corpus claims, "provide equitable tolling of claims," and "excuse any procedural default." The Court will deny these requests. Petitioner's Application is not accompanied by a petition for writ of habeas corpus and the Court is not able to construe Petitioner's Application as a petition for writ of habeas corpus because the Application is not accompanied by the statutory filing fee or an application to proceed in forma pauperis, is not filed on the court-approved form for filing a petition for writ of habeas corpus, does not specify any grounds for habeas corpus relief, and does not set forth any facts supporting any grounds for relief. *See* Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District

Courts; LRCiv 3.5. Also, Petitioner's Application does not provide any information about his conviction, such as the name and location of the court that entered the judgment of conviction, the date of the judgment of conviction, the crime(s) for which he was convicted, or the length of his sentence(s).

Petitioner, in essence, appears to be seeking an advisory opinion from this Court regarding the application of the time limits imposed by 28 U.S.C. § 2244(d), which provides in part that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." However, a federal court may not issue advisory opinions. *See United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986) (district court erred in tolling statute of limitations as to future claims by persons not party to the case before the court).

The Court will deny the Application and will dismiss this matter without prejudice. Because this matter is being dismissed without prejudice, Petitioner is in no way prevented by this Order from filing a petition for writ of habeas corpus, accompanied by either the statutory filing fee or an Application to Proceed In Forma Pauperis. As a courtesy to Petitioner, the Court will direct the Clerk of Court to send Petitioner the court-approved forms for filing a petition for writ of habeas corpus and an Application to Proceed In Forma Pauperis. **Petitioner may not, however, file those documents in this case; he must file a new case**.

Any future petition filed by Petitioner must be filed on the court-approved form and must: (1) name Petitioner's current custodian as a respondent; (2) show how Petitioner is being held in custody in violation of the Constitution, laws, or treaties of the United States; (3) specify all the exhausted grounds for relief available to Petitioner; (4) set forth in summary form the facts supporting each of his grounds; and (5) provide information as to how Petitioner has first exhausted his state court remedies as to each ground on which he requests action by this Court.

In the event the respondent in any future habeas action filed by Petitioner raises the one-year period of limitation in 28 U.S.C. § 2244(d) as an affirmative defense, Petitioner

will be free to argue that his petition is subject to statutory or equitable tolling.  *See* 28 U.S.C. § 2244(d)(2) ("[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"); *see also Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) (section 2244(d) is subject to equitable tolling based on a showing of "exceptional circumstances" beyond the prisoner's control).

Petitioner should take note that before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  An Arizona petitioner sentenced to less than the death penalty may exhaust his federal claims by presenting them in a procedurally proper way to the Arizona Court of Appeals on direct appeal and/or in post-conviction proceedings, without seeking discretionary review in the Arizona Supreme Court.  *Crowell v. Knowles*, 483 F. Supp. 2d 925, 928-30, 933 (D. Ariz. 2007) (following 1989 statutory amendment, Arizona Court of Appeals has jurisdiction over criminal convictions involving less than a death sentence); *cf. Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) (citing pre-1989 statute).  To exhaust a claim, a petitioner must describe "both the operative facts and the federal legal theory on which his claim is based so that the state courts [could] have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (quoting *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003), *overruled in part on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007)).  The failure to exhaust subjects the petition to dismissal.  *See Gutierrez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir. 1983).

**IT IS ORDERED:**

(1)     Petitioner's "Application to Bookmark My § 2254 Writ of Habeas Corpus Claims and Request for Equitable Tolling" (Doc. 1) is **denied** and this action is **dismissed without prejudice**; the Clerk of Court must enter judgment accordingly and close this case.

(2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

(3) The Clerk of Court must provide Petitioner with the current court-approved forms for filing a "Petition for Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 (Non-Death Penalty)" **and** an "Application to Proceed In Forma Pauperis by a Prisoner (Habeas)."

Dated this 28th day of June, 2021.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge

**Instructions for Filing a Petition Under 28 U.S.C. § 2254
for a Writ of Habeas Corpus by a Person in State Custody
in the United States District Court for the District of Arizona**

1.  Who May Use This Form.   To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court.   You are asking for relief from the conviction or the sentence on the grounds that your conviction or sentence violates the United States Constitution or other federal law.   You also may use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered.   If you want to challenge a federal conviction or sentence, you should file a motion under 28 U.S.C. § 2255 to vacate sentence in the federal court that entered the judgment.   **This form should not be used in death penalty cases.**   If you were sentenced to death, you are entitled to the assistance of counsel and you should request the appointment of counsel.

2.  The Form.   **Local Rule of Civil Procedure (LRCiv) 3.5(a) provides that habeas corpus petitions must be filed on the court-approved form.**   The form must be typed or neatly handwritten.   All questions must be answered clearly and concisely in the appropriate space on the form.   If needed, you may attach additional pages.   The form, however, must be completely filled in to the extent applicable.   You do not need to cite law.   If you want to file a brief or arguments, you must attach a separate memorandum.

3.  Your Signature.   You must tell the truth and sign the form.   If you make a false statement of a material fact, you may be prosecuted for perjury.

4.  The Filing Fee.   The filing fee for this action is $5.00.   If you are unable to pay the filing fee, you may request permission to proceed in forma pauperis by completing and signing the Application to Proceed In Forma Pauperis provided with the petition form.   You must have an official at the prison or jail complete the certificate at the bottom of the application form.   If the amount of money in your account exceeds $25.00, you must pay the $5.00 filing fee.   LRCiv 3.5(b).

5.  Original and Judge's Copy.   You must send an **original plus one copy** of your petition and of any other document submitted to the Court.   You must send one additional copy to the Court if you wish to have a file-stamped copy of the document returned to you.   All copies must be identical to the original.   Copies may be legibly handwritten.   **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

6.  Where to File.   You should **file your petition in the division where you were convicted**.   *See* LRCiv 5.1(b).   If you are challenging a judgment of conviction entered in Maricopa, Pinal, Yuma, La Paz, or Gila County, file your petition in the Phoenix Division.   If you are challenging a judgment of conviction entered in Apache, Navajo, Coconino, Mohave, or Yavapai County, file your petition in the Prescott Division.   If you are challenging a judgment of conviction entered in Pima, Cochise, Santa Cruz, Graham, or Greenlee County, file your petition in the Tucson Division. *See* LRCiv 5.1(b) and 77.1(a).

**Mail the original and one copy of your petition with the $5.00 filing fee or the application to proceed in forma pauperis to:**

| Phoenix & Prescott Divisions: | OR | Tucson Division: |
|---|---|---|
| U.S. District Court Clerk | | U.S. District Court Clerk |
| U.S. Courthouse, Suite 130 | | U.S. Courthouse, Suite 1500 |
| 401 West Washington Street, SPC 10 | | 405 West Congress Street |
| Phoenix, Arizona 85003-2119 | | Tucson, Arizona 85701-5010 |

7. Change of Address. You must immediately notify the Court and respondents in writing of any change in your mailing address. **Failure to notify the Court of any change in your mailing address may result in the dismissal of your case.**

8. Certificate of Service. You must provide the respondents with a copy of any document you submit to the Court (except the initial petition and application to proceed in forma pauperis). Each original document (except the initial petition and application to proceed in forma pauperis) must include a certificate of service on the last page of the document stating the date a copy of the document was mailed to the respondents and the address to which it was mailed. Fed. R. Civ. P. 5(a), (d). Any document received by the Court that does not include a certificate of service may be stricken. **This section does not apply to inmates housed at an Arizona Department of Corrections facility that participates in electronic filing.**

A certificate of service should be in the following form:

I hereby certify that a copy of the foregoing document was mailed
this ______________________________ (month, day, year) to:
Name: ______________________________
Address:______________________________
Attorney for Respondent(s)

______________________________
(Signature)

9. Amended Petition. If you need to change any of the information in the initial petition, you must file an amended petition. The amended petition must be written on the court-approved petition for writ of habeas corpus form. You may amend your pleading once without leave (permission) of Court within 21 days after serving it or within 21 days after any respondent has filed an answer, whichever is earlier. *See* Fed. R. Civ. P. 15(a). Thereafter, you must file a motion for leave to amend and lodge (submit) a proposed amended petition. LRCiv 15.1. An amended petition may not incorporate by reference any part of your prior petition. LRCiv 15.1(a)(2). **Any grounds not included in the amended petition are considered dismissed**.

10. Exhibits. If available, you should attach a copy of all state and federal court written decisions regarding the conviction you are challenging. **Do not submit any other exhibits with the petition.** Instead, you should paraphrase the relevant information in the petition. The respondents are obligated to provide relevant portions of the record.

Any exhibits you attach should be individually labeled (e.g. "Exhibit 1," "Exhibit 2," etc.) and attached at the **end** of your petition. **Exhibits should not be placed in the middle of your petition.**

11. Letters and Motions. It is generally inappropriate to write a letter to any judge or the staff of any judge. The only appropriate way to communicate with the Court is by filing a written pleading or motion.

12. Warnings.

a. Judgment Entered by a Single Court. You may challenge the judgment entered by only one court. Multiple counts which resulted in a judgment by the same court may be challenged in the same petition. If you wish to challenge judgments entered by more than one court, however, you must file separate petitions for each judgment.

b. Grounds for Relief. You must raise all grounds for relief that relate to this conviction or sentence. Any grounds not raised in this petition will likely be barred from being raised in any subsequent federal action.

c. Exhaustion. In order to proceed in federal court, you ordinarily must exhaust the remedies available to you in the state courts as to each claim on which you request action by the federal court. If you did not fairly present each of your grounds to the Arizona Court of Appeals, your petition may be dismissed. If you did not present one or more of your grounds to the Arizona Court of Appeals, explain why you did not.

## FINAL NOTE

You should follow these instructions carefully. Failure to do so may result in your petition being stricken or dismissed by the Court. All questions must be answered concisely in the proper space on the form. If you need more space, you may attach additional pages. But the form must be completely filled in to the extent applicable. If you attach additional pages, be sure to identify which section of the petition is being continued and number all pages.

Name and Prisoner/Booking Number

Place of Confinement

Mailing Address

City, State, Zip Code

**(Failure to notify the Court of your change of address may result in dismissal of this action.)**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

_______________________________________ ,
(Full Name of Petitioner)

Petitioner,

v.

_______________________________________ ,
(Name of the Director of the Department of Corrections, Jailor or authorized person having custody of Petitioner),

Respondent,
and
The Attorney General of the State of ____________,

Additional Respondent.

**CASE NO**. ______________________________
(To be supplied by the Clerk)

**PETITION UNDER 28 U.S.C. § 2254**
**FOR A WRIT OF HABEAS CORPUS**
**BY A PERSON IN STATE CUSTODY**
**(NON-DEATH PENALTY)**

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: ____________

(b) Criminal docket or case number: ______________________________

2. Date of judgment of conviction: ______________________________

3. In this case, were you convicted on more than one count or crime? Yes ☐ No ☐

4. Identify all counts and crimes for which you were convicted and sentenced in this case: ____________________

________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________

5. Length of sentence for each count or crime for which you were convicted in this case: ____________________

________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________

6. (a) What was your plea?
   Not guilty ☐
   Guilty ☐
   Nolo contendere (no contest) ☐

   (b) If you entered a guilty plea to one count or charge, and a not guilty plea to another count or charge, give details: ____________________________________________________________

________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________

   (c) If you went to trial, what kind of trial did you have? (Check one) Jury ☐ Judge only ☐

7. Did you testify at the trial? Yes ☐ No ☐

8. Did you file a direct appeal to the Arizona Court of Appeals from the judgment of conviction?
   Yes ☐ No ☐

   If yes, answer the following:

   (a) Date you filed: ____________________________________________________________

   (b) Docket or case number: ______________________________________________________

   (c) Result: ___________________________________________________________________

   (d) Date of result: _____________________________________________________________

   (e) Grounds raised: ____________________________________________________________

________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________
________________________________________________________________________________

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

9. Did you appeal to the Arizona Supreme Court? Yes ☐ No ☐

If yes, answer the following:

(a) Date you filed: ______________________________

(b) Docket or case number: ______________________________

(c) Result: ______________________________

(d) Date of result: ______________________________

(e) Grounds raised: ______________________________

______________________________
______________________________
______________________________
______________________________
______________________________

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

10. Did you file a petition for certiorari in the United States Supreme Court? Yes ☐ No ☐

If yes, answer the following:

(a) Date you filed: ______________________________

(b) Docket or case number: ______________________________

(c) Result: ______________________________

(d) Date of result: ______________________________

(e) Grounds raised: ______________________________

______________________________
______________________________
______________________________
______________________________
______________________________

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

11. Other than the direct appeals listed above, have you filed any other petitions, applications or motions concerning this judgment of conviction in any state court? Yes ☐ No ☐

If yes, answer the following:

(a) First Petition.

(1) Date you filed: ______________________________

(2) Name of court: ______________________________

(3) Nature of the proceeding (Rule 32, special action or habeas corpus): ______________

(4) Docket or case number: ______________________________

(5) Result: ______________________________

(6) Date of result: ______________________________

(7) Grounds raised: ______________________________

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(b) Second Petition.

(1) Date you filed: ______________________________

(2) Name of court: ______________________________

(3) Nature of the proceeding (Rule 32, special action or habeas corpus): ______________

(4) Docket or case number: ______________________________

(5) Result: ______________________________

(6) Date of result: ______________________________

(7) Grounds raised: ______________________________

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(c) Third Petition.

(1) Date you filed: ______________________________

(2) Name of court: ______________________________

(3) Nature of the proceeding (Rule 32, special action or habeas corpus): ______________

(4) Docket or case number: ______________________________

(5) Result: ______________________________

(6) Date of result: ______________________________

(7) Grounds raised: ______________________________
______________________________
______________________________
______________________________
______________________________
______________________________

**Attach, if available, a copy of any brief filed on your behalf and a copy of the decision by the court.**

(d) Did you appeal the action taken on your petition, application, or motion to the:

| | Arizona Court of Appeals: | | Arizona Supreme Court: | |
|---|---|---|---|---|
| (1) First petition: | Yes ☐ | No ☐ | Yes ☐ | No ☐ |
| (2) Second petition: | Yes ☐ | No ☐ | Yes ☐ | No ☐ |
| (3) Third petition | Yes ☐ | No ☐ | Yes ☐ | No ☐ |

(e) If you did not appeal to the Arizona Court of Appeals, explain why you did not: ______________
______________________________
______________________________
______________________________
______________________________
______________________________
______________________________

12. For this petition, **state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States**. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**CAUTION:** To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE**: ______________________________________________

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) Did you present the issue raised in Ground One to the Arizona Court of Appeals? Yes ☐ No ☐

(c) If yes, did you present the issue in a:

- Direct appeal ☐
- First petition ☐
- Second petition ☐
- Third petition ☐

(d) If you did not present the issue in Ground One to the Arizona Court of Appeals, explain why: ________

(e) Did you present the issue raised in Ground One to the Arizona Supreme Court? Yes ☐ No ☐

**GROUND TWO**: ______________________________________________

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) Did you present the issue raised in Ground Two to the Arizona Court of Appeals? Yes ☐ No ☐

(c) If yes, did you present the issue in a:

- Direct appeal ☐
- First petition ☐
- Second petition ☐
- Third petition ☐

(d) If you did not present the issue in Ground Two to the Arizona Court of Appeals, explain why: ________

(e) Did you present the issue raised in Ground Two to the Arizona Supreme Court? Yes ☐ No ☐

**GROUND THREE**: ______________________________________________

______________________________________________

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

______________________________________________

(b) Did you present the issue raised in Ground Three to the Arizona Court of Appeals? Yes ☐ No ☐

(c) If yes, did you present the issue in a:

- Direct appeal ☐
- First petition ☐
- Second petition ☐
- Third petition ☐

(d) If you did not present the issue in Ground Three to the Arizona Court of Appeals, explain why: _______

______________________________________________

(e) Did you present the issue raised in Ground Three to the Arizona Supreme Court? Yes ☐ No ☐

**GROUND FOUR**: ____________________

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) Did you present the issue raised in Ground Four to the Arizona Court of Appeals? Yes ☐ No ☐

(c) If yes, did you present the issue in a:

- Direct appeal ☐
- First petition ☐
- Second petition ☐
- Third petition ☐

(d) If you did not present the issue in Ground Four to the Arizona Court of Appeals, explain why: ____________________

(e) Did you present the issue raised in Ground Four to the Arizona Supreme Court? Yes ☐ No ☐

**Please answer these additional questions about this petition:**

13. Have you previously filed any type of petition, application or motion in a federal court regarding the conviction that you challenge in this petition? Yes ☐ No ☐

If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available: ______________________

14. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, as to the judgment you are challenging? Yes ☐ No ☐

If yes, give the date of filing, the name and location of the court, the docket or case number, the type of proceeding, and the issues raised: ______________________

15. Do you have any future sentence to serve after you complete the sentence imposed by the judgment you are challenging? Yes ☐ No ☐

If yes, answer the following:

(a) Name and location of the court that imposed the sentence to be served in the future: ______________________

(b) Date that the other sentence was imposed: ______________________

(c) Length of the other sentence: ______________________

(d) Have you filed, or do you plan to file, any petition challenging the judgment or sentence to be served in the future? Yes ☐ No ☐

16. TIMELINESS OF PETITION: If your judgment of conviction became final more than one year ago, you must explain why the one-year statute of limitations in 28 U.S.C. § 2244(d) does not bar your petition.*

______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________

*****Section 2244(d) provides in part that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

17. Petitioner asks that the Court grant the following relief: ______________________________
______________________________________________________________________________
______________________________________________________________________________
______________________________________________________________________________

or any other relief to which Petitioner may be entitled. (Money damages are not available in habeas corpus cases.)

I declare under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ______________________(month, day, year).

______________________________
**Signature of Petitioner**

______________________________ ______________________________
Signature of attorney, if any Date

________________________________________
Name and Prisoner/Booking Number

________________________________________
Place of Confinement

________________________________________
Mailing Address

________________________________________
City, State, Zip Code

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

____________________________________ ,

Petitioner,

v.

____________________________________ ,

Respondent(s).

**CASE NO**. ______________________________

**APPLICATION TO PROCEED**
**IN FORMA PAUPERIS**
**BY A PRISONER**
**(HABEAS)**

I, ____________________________________, declare, in support of my request to proceed in the above entitled case without prepayment of fees under 28 U.S.C. § 1915, that I am unable to pay the fees for these proceedings or to give security therefor and that I believe I am entitled to relief.

In support of this application, I answer the following questions under penalty of perjury:

1. Are you currently employed at the institution where you are confined? ☐Yes ☐No
   If "Yes," state the amount of your pay and where you work. ________________________________
   ______________________________________________________________________
   ______________________________________________________________________

2. Do you receive any other payments from the institution where you are confined? ☐Yes ☐No
   If "Yes," state the source and amount of the payments. ________________________________
   ______________________________________________________________________
   ______________________________________________________________________

3. Do you have any other sources of income, savings, or assets either inside or outside of the institution where you are confined? ☐Yes ☐No

If "Yes," state the sources and amounts of the income, savings, or assets. ______________________________

________________________________________________________________________________

________________________________________________________________________________

I declare under penalty of perjury that the above information is true and correct.

______________________________ ______________________________

DATE SIGNATURE OF APPLICANT

---

CERTIFICATE OF CORRECTIONAL OFFICIAL
AS TO STATUS OF APPLICANT'S TRUST ACCOUNT

I, ______________________________, certify that as of the date applicant signed this application:
(Printed name of official)

The applicant's trust account balance at this institution is: $______________________________.

________________________________________________________________________________

DATE AUTHORIZED SIGNATURE TITLE/ID NUMBER INSTITUTION